In re MICROCRYSTALLINE
CELLULOSE ANTITRUST
LITIGATION

No. MDL–1402.

Judicial Panel on Multidistrict Litigation.

June 20, 2001.

BEFORE WM. TERRELL HODGES, Chairman, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS and D. LOWELL JENSEN, Judges of the Panel.

*TRANSFER ORDER*

HODGES, Chairman.

This litigation currently consists of the thirteen actions listed on the attached Schedule A and pending in six federal districts as follows: eight actions in the Eastern District of Pennsylvania and one action each in the Northern District of

* Judge Sear took no part in the decision of this matter.

Illinois, the Eastern District of Louisiana, the District of New Jersey, the Southern District of New York, and the Eastern District of Texas.[1] Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, to centralize certain of the actions in a single district for coordinated or consolidated pretrial proceedings. Plaintiff in one action presently pending in the Eastern District of Pennsylvania moves for coordinated or consolidated pretrial proceedings in that district.[2] Defendants FMC Corporation and Asahi Kasei America, Inc., a wholly-owned subsidiary of Asahi Kasei Corporation,[3] join in the motion for transfer to the Eastern District of Pennsylvania. Plaintiffs in five Eastern District of Pennsylvania actions also support transfer to that district. Plaintiff in the Southern District of New York action moves for coordinated or consolidated pretrial proceedings in that district or the Northern District of Illinois. Plaintiff in the action pending in the Northern District of Illinois supports transfer to that district. Plaintiff in the Eastern District of Louisiana action moves for coordinated or consolidated pretrial proceedings in that district. Plaintiffs in the District of New Jersey and the Eastern District of Texas actions each suggest centralization in their own districts.

■ On the basis of the papers filed and the oral argument held, the Panel finds that the thirteen actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve allegations that the defendants conspired to eliminate competition and maintain market control for microcrystalline cellulose in violation of Section 1 of the Sherman Antitrust Act. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ In selecting the Eastern District of Pennsylvania as transferee district, we note that the responding defendants and a majority of the plaintiffs support transfer to this district, where one of the defendants has a nexus. Also, most of the actions are already pending in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Pennsylvania are hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Thomas N. O'Neill, Jr., for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

1. In addition, the parties have identified four actions pending in the Eastern District of Pennsylvania and one action pending in the Northern District of California as sharing questions of fact with the thirteen actions presently before the Panel. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. This plaintiff initially moved for transfer to the Northern District of Illinois, but shortly thereafter changed its position to support centralization in the Eastern District of Pennsylvania.

3. Asahi Chemical Industry Co., Ltd., and Asahi Chemical Industry America, Inc., were renamed Asahi Kasei Corporation and Asahi Kasei America, Inc., respectively, effective January 1, 2001.

ATTACHMENT

## SCHEDULE A

*MDL–1402—In re Microcrystalline Cellulose Antitrust Litigation*

  *Northern District of Illinois*

*International Nutrition v. FMC Corp., et al.*, C.A. No. 1:01–978

  *Eastern District of Louisiana*

*JAG Industries, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–501

  *District of New Jersey*

*Walden Farms, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–578

  *Southern District of New York*

*Heller Seasoning & Ingredients, Inc. v. FMC Corp., et al.*, C.A. No. 1:01–318

  *Eastern District of Pennsylvania*

*IVAX Corp. v. FMC Corp., et al.*, C.A. No. 2:01–111

*Freeda Vitamins, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–331

*Par Pharmaceutical, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–456

*Keniston's Inc. v. FMC Corp., et al.*, C.A. No. 2:01–632

*Horizon Laboratories, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–685

*Yocream International, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–1024

*Consac Industries, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–2110

*Marie's Quality Foods, Inc. v. FMC Corp., et al.*, C.A. No. 2:01–3052

  *Eastern District of Texas*

*Blue Bell Creameries v. FMC Corp., et al.*, C.A. No. 6:01–89